UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:

JAMES LEE SIMPSON,   Case No.: 13-40125
                    Chapter 12
    Debtor,
_____/

MOTION OF CREDITORS, TERRY AND MARIE TAYLOR,
TO DISMISS CASE WITH PREJUDICE AND REQUEST FOR HEARING

Creditors, Terry and Marie Taylor (hereinafter "the Taylors"), by and through their undersigned counsel and pursuant to 11 U.S.C. §§ 105(a) and 1208(c), hereby move the Court for an order dismissing the above-caption bankruptcy proceeding of Debtor James Lee Simpson (the "Debtor") and, in the event of dismissal, imposing a bar upon the Debtor's re-filing of any bankruptcy petition for the greater of 180 days or the time necessary to conclude the pending mortgage foreclosure proceeding and complete the judicial sale of the property, as further discussed herein. In support thereof, the Taylors state as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (b)(2)(O).

3. On or about October 1, 1996, the Debtor and Geralean H. Simpson (Debtor's wife, now deceased) executed and delivered to the Taylors a Promissory Note being in the original principal amount of $400,000.00.

4. On that same date, the Debtor and Geralean H. Simpson executed and delivered to the Taylors a Purchase Money Mortgage ("Mortgage") securing the payment of the Note, said

Mortgage representing a first lien on 92.25 acres and a single family residence located at 2926 Salem Road, Havana, FL 32333 ("Property").

5. In 2002, the Debtor and Geralean H. Simpson filed a Chapter 12 petition (*In Re: James Lee* Simpson *and Geralean Howard Simpson,* Case No. 02-71381-TLH4, United States Bankruptcy Court in and for the Northern District of Florida, Tallahassee Division), and on May 19, 2003, an Order Confirming Amended Chapter 12 Plan was entered in said case in which the terms of the Note were modified to provide for annual payments by the Debtor to the Taylors instead of monthly payments, with an amortization period of fifteen (15) years beginning on August 31, 2003. The interest rate was modified to 7.5% per annum.

6. Annual installment payments were made by the Debtor (and John Bell) from August, 2003 through August 20, 2010, when the Taylors received their last annual payment pursuant to the earlier confirmed Amended Chapter 12 Plan.[1]

7. On July 27, 2012, the Taylors filed a complaint for foreclosure against the Debtor in *Terry Taylor and Marie Taylor v. James L. Simpson and John T. Bell*, Case No. 2012-CA-00594 (Eleventh Judicial Circuit Court in and for Gadsden County, Florida).

8. On March 5, 2013, Debtor initiated this Chapter 12 bankruptcy proceeding before this Court effectively staying the foreclosure proceeding. Since filing his petition, Debtor has repeatedly ignored this Court's deadlines and reporting requirements by: (1) failing to file a plan within 90 days pursuant to 11 U.S.C. § 1221 (Doc. 16); (2) failing to file Monthly Cash Receipts & Disbursement Statements for March, April, June, July, August, or September as required by Northern District of Florida Local Bankruptcy Rule 2015-1(F); and (3) failing to file a briefing as requested by this Court at the September 19, 2013 evidentiary hearing on Debtor's Motion to

---

[1] On July 3, 2013, the Taylors filed a proof of claim outlining the amount owed by the Debtor as of the date of the petition totaling $214,346.31 (Claim 3-1).

Determine Validity of Lien of Creditor, John T. Bell (Doc. 47), said briefing to have been filed by October 9, 2013.

9. Pursuant to Northern District of Florida Local Bankruptcy Rule 2015-1(G) Debtor's failure to file its Monthly Cash Receipts & Disbursement Statements alone provides a sufficient basis for dismissal of this Chapter 12 bankruptcy proceeding. Based on the single Monthly Cash Receipts & Disbursement Statement filed by the Debtor for May 2013 (Doc. 24), it is unclear whether Debtor is even eligible for Chapter 12 relief for lack of "regular annual income." 11 U.S.C. § 109(f).[2]

10. Debtor's actions have resulted in unreasonable delay that is prejudicial to his creditors and a sufficient basis for dismissal under 11 U.S.C. § 1208(c)(1). The Taylors, who have not received a payment on Debtor's obligation since August 20, 2010, continue to await the opportunity to evaluate and object to confirmation of Debtor's Chapter 12 Plan based on lack of feasibility. By repeatedly failing to comply with the Court's orders and local bankruptcy rules, the Debtor has not only further delayed the Taylors' right to receive payment on Debtor's obligation, but also the Taylors' right as a creditor to present a comprehensive objection to the relief sought. See In re Lubbers, 73 B.R. 440 (Bankr. D. Kan. 1987) (dismissing Chapter 12 case would be dismissed for "unreasonable delay prejudicial to creditors," where debtors did not file Chapter 12 plan or move for extension of time within which to file plan until 100 days after filing of petition, and consistently failed to abide by bankruptcy deadlines to creditors' prejudice.) Like the debtor in Lubbers, this Debtor did not file his Chapter 12 plan or move for extension of time until 97 days after filing his petition, and his original plan contained no

---

[2] The term "family farmer with regular annual income" is defined as a family farmer whose annual income is sufficiently stable and regular to enable such family farmer to make payments under a Chapter 12 plan. 11 U.S.C. § 101(19).

information as to the Debtor's valuation of collateral to permit creditors to evaluate possible feasibility of plan or payments that would be made thereunder.[3]

11.   Upon information and belief, the Debtor continues to remove sod from the Property to sell for his own benefit. Accordingly, the delay is prejudicial to the Taylors because while the Debtor continues to receive a benefit from the Property, the value of the Taylors' collateral continues to diminish and the Debtor continues to make no payments or comply with the requirements of this Chapter 12 proceeding.

## Dismissal with Prejudice

The usual remedy for a bad faith filing is dismissal with prejudice, which works to prohibit the filing by a debtor of any case under Title 11. In re Bertelt, 250 B.R. 739 (M.D. Fla. 2000) (dismissing petition with prejudice prohibiting the filing by debtor of any case under Title 11 for a period of 180 days). The authority for such dismissal arises under § 105(a), which empowers this court to issue any order, process, or judgment that is necessary or appropriate to prevent abuse of the bankruptcy system. Id. Courts have dismissed debtors' petitions with prejudice for various lengths of time including two years In re Graffy, 216 B.R. 888 (Bankr. M.D. Fla.1998); In re Pretuset, 485 B.R. 478 (6th Cir. BAP 2012), 417 days In re Robertson, 206 B.R. 826 (Bankr. E.D. Va.1996), one year In re Ingram, 1996 WL 788401 (Bankr. S.D. Fla. 1996) and 120 days In re Hahn, 200 B.R. 249 (M.D. Fla. 1995). It is in the Court's discretion, pursuant to its powers under § 105(a), to determine the appropriate length of time to bar re-filing of the Debtor's bankruptcy petition.

The Taylors request the Court dismiss the Debtor's Chapter 12 petition with prejudice to allow it to proceed with and complete the previously initiated foreclosure proceeding. It is both

---

[3] The Gadsden County Property Appraiser has appraised the Taylors' real property collateral at $301,064.00 while the Debtor has attributed the value of the property at $650,000 in his Schedules and Plan with no documentation to support his valuation (Doc. 1 & 17).

necessary and appropriate that this Court prevent the Debtor from immediately re-filing another petition and thereby obtaining the benefit of the statutory automatic stay and imposing upon the Taylors' and the Court the expense and delay of another bankruptcy proceeding when the Debtor has already squandered one such opportunity in bad faith.

WHEREFORE, Terry and Marie Taylor, respectfully request that this Court dismiss the Chapter 12 case of the Debtor, James Lee Simpson, with prejudice for cause stated, and in the event of dismissal, impose a bar upon the Debtor re-filing any bankruptcy petition for the greater of 180 days after the docketing of the order of dismissal herein or the time necessary to complete the Taylors' foreclosure proceedings against, and the judicial sale of, the property located at 2926 Salem Road, Havana, FL 32333, and any other relief the Court deems just and appropriate.

Respectfully submitted this 24TH day of October, 2013.

_____
James M. Donohue of
Florida Bar No. 0191819
jdonohue@ausley.com
Kevin A. Forsthoefel
Florida Bar No.: 92382
kforsthoefel@ausley.com
Ausley & McMullen
123 South Calhoun St. (32301)
Post Office Box 391
Tallahassee, FL 32302
(850) 224-9115
Facsimile: (850) 222-7560

ATTORNEYS FOR TERRY & MARIE TAYLOR

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically via CM/ECF system to Albert C. Penson (acp@pendd.com); Walter W. Kelley (DCannon@kelleylovett.com); Allen Turnage (service@turnagelaw.com); U. S. Trustee (USTPRegion21.TL.ECF@usdoj.gov) and via 1st Class U.S. Mail to those listed on the attached mailing matrix (excluding the aforementioned) on this 24th day of October, 2013.

_____
James M. Donohue

```
Label Matrix for local noticing              United States Trustee                        Albert C. Penson
1129-4                                       110 E. Park Avenue                           Penson Law Firm, P.A.
Case 13-40125-KKS                            Suite 128                                    1435 E. Piedmont Drive
Northern District of Florida                 Tallahassee, FL 32301-7728                   Suite 101
Tallahassee                                                                               Tallahassee, FL 32308-7938
Thu Oct 24 16:08:39 EDT 2013

Boyd DuRant & Sliger PL                      CitiBank                                     Eula Young
Attn: James M. DuRant, Jr.                   Attn: Bankruptcy Litigation Officer          PO Box 528
1407 Piedmont Drive East                     PO Box 6500                                  147 Halls Court
Tallahassee FL 32308-7963                    Sioux Falls SD 57117-6500                    Cairo GA 39828-1882


Gadsden County Tax Collector                 INTERNAL REVENUE SERVICE                     John Bell
Attn: Bankruptcy Litigation Officer          P.O. BOX 7346                                503 McDaniel Street
PO Box 817                                   PHILADELPHIA, PA 19101-7346                  Tallahassee FL 32303-6254
Quincy, FL 32353-0817


John Bell                                    Rufus O. Jefferson                           Sears Mastercard
c/o Penson Law Firm, P.A.                    PO Box 806                                   Attn: Bankruptcy Litigation Officer
1435 East Piedmont Drive Suite 101           Tallahassee FL 32302-0806                    PO Box 6282
Tallahassee, FL 32308-7938                                                                Sioux Falls SD 57117-6282


State of Florida - Department of Revenue     Terry and Marie Taylor                       Zakheim & Associates PA
Post Office Box 6668                         112 Guadalupe Drive                          Attn: Sabine Michel
Tallahassee, FL 32314-6668                   Athens TX 75751-3515                         1045 S. University Dr Ste 202
                                                                                          Fort Lauderdale FL 33324-3333


Allen Turnage                                James Lee Simpson                            John Bell
Law Office of Allen Turnage                  2926 Salem Rd.                               c/o Penson Law Firm, P.A.
P.O. Box 15219                               Havana, FL 32333-3865                        1435 East Piedmont Drive #101
2344 Centerville Road                                                                     Tallahassee, FL 32308-7938
Suite 101
Tallahassee, FL 32308-4389

Marie Taylor                                 Terry Taylor                                 Walter W. Kelley
112 Guadalupe Drive                          112 Guadalupe Drive                          Chapter 12 Trustee
Athens, TX 75751-3515                        Athens, TX 75751-3515                        P.O. Box 70849
                                                                                          Albany, GA 31708-0849



End of Label Matrix
Mailable recipients    20
Bypassed recipients     0
Total                  20
```