IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| In re: | |
| JAMES LEE SIMPSON, | Chapter 12 Proceeding |
|     Debtor; | |
| | Case no. 13-40125-KKS |
| JAMES LEE SIMPSON, | |
|     Movant, | Contested Matter |
| | |
| versus | |
| | |
| JOHN T. BELL, | |
|     Respondent. | |

=======================================================

### DEBTOR'S BRIEF ON THE SUFFICIENCY OF INDORSEMENT OF NOTES

COMES NOW THE DEBTOR, James Lee Simpson, and files this Brief on the Sufficiency of the Indorsement of the Notes from John T. Bell, Respondent, showing the court as follows:

1.

All of the Notes at issue were originally made payable to the order of Respondent John T. Bell and executed by Havana Sod & Pallet, Inc., as Payor.  See Hearing Exhibit F.

2.

Payee Bell attempted to assign the notes to the Debtor by assignment dated 29 August 2006.  See Hearing Exhibit E.  However, the notes were not indorsed by Bell.  See Hearing Exhibit F.

3.

The attempted assignment is invalid because the notes were not indorsed.  F.S.A. 673.2011(b) states that "if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder."  An attempted assignment without an indorsement is invalid.  Second National Bank v. G.M.T. Properties, Inc., App. 364 So.2d 59 (1978).

4.

In any event, the mortgage does not recite any consideration other than the $441,777 loaned by Bell to the corporation. Bell does not dispute that these loans were made to the corporation and not to the Debtor individually.

5.

Because the notes were not indorsed and therefore not properly assigned to the Debtor, they cannot form the basis of any consideration for any contract or agreement between the parties.

6.

The purported mortgage recorded at Deed Book 702 Page 610 et. seq., Hearing Exhibit H, is invalid as it is not supported by consideration between the Debtor and the Respondent.

WHEREFORE THE DEBTOR PRAYS that the court find the purported assignment of the notes in issue from John Bell to the Debtor be adjudged invalid; that the court find that the mortgage in favor of Respondent John Bell is not supported by adequate consideration between the parties and is therefore invalid; that the court find that any claim held by Respondent John Bell is an unsecured claim, in accord with 11 USC § 506; and for such other and further relief as the court shall find appropriate.

Respectfully submitted, this 25th day of October 2013.

/s/ Allen P. Turnage
Allen P. Turnage
Post Office Box 15219
Tallahassee FL  32317
(850) 224-3231 voice
(850) 224-2535 facsimile
Service@Turnagelaw.com
Florida Bar no. 993085

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing upon Counsel for the Respondent, Penson Law Firm, Attn: Al Penson, Esq., by electronic service through the registry of the court.

DATED: 25 October 2013

/s/ Allen P. Turnage
Allen P. Turnage